Joseph H. Gay, Jr, Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Delton Gentry, pro se, Bastrop, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Court-appointed counsel for Delton Gentry (Gentry) has moved for leave to withdraw and has filed a brief as required by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gentry has filed a response, arguing that the indictment did not state the quantity of cocaine base he distributed and that the representation in the presentence report that he distributed cocaine base in quantities ranging from multiple ounces to a few grams on almost 200 occasions is too speculative to support the factual basis in the plea agreement that he distributed more than 150 grams but less than 500 grams of cocaine base. Gentry also contends that his attorney provided ineffective assistance of counsel.

As part of his plea agreement, Gentry agreed to waive the right to appeal his sentence except as to any upward departure under U.S.S.G. § 5K2.0, ineffective assistance of counsel, or prosecutorial misconduct.

Our independent review of counsel's brief, Gentry's response, and the record discloses no nonfrivolous issues for appeal. We do not address Gentry's ineffective assistance argument because the record on this issue has not been adequately developed. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir.1991). Accordingly, the motion to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis RIVERA–VELASQUEZ,**
**Defendant–Appellant.**

**No. 03–50970.**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Joseph H. Gay, Jr, Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

---

PER CURIAM.[*]

Luis Rivera–Velasquez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Rivera–Velasquez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Rivera–Velasquez maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Rivera–Velasquez acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.